**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Priority | ____ |
| Send | ____ |
| Enter | ____ |
| Closed | ____ |
| JS-5/JS-6 | ____ |
| Scan Only | ____ |

**CASE NO.:**   <u>CV 14-04947 SJO (FFMx)</u>       **DATE:**  <u>August 4, 2014</u>

**TITLE:**      <u>Elizabeth Smith, et al. v. Quartz Hill Chamber of Commerce, et al.</u>

========================================================================

**PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**        **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                     Not Present

========================================================================

**PROCEEDINGS (in chambers):  ORDER GRANTING PLAINTIFFS' MOTION TO REMAND CASE** [Docket No. 19]**; DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS CASE** [Docket No. 10]

This matter is before the Court on Plaintiffs/Counter-Defendants Elizabeth Smith ("Smith"), Virginia Erma Beaver ("Beaver"), and Mikayla Ann Yarman's ("Yarman") (collectively, "Plaintiffs") Motion to Dismiss or Remand Case to the Superior Court of California for Los Angeles County ("MTR"), filed July 9, 2014.   Defendant/Counter-Complainant Quartz Hill Chamber of Commerce ("Chamber")[1] and Defendants Maureen Neis ("Neis"), Karen Rouze ("Rouze"), Dennis Bogard ("Bogard"), and Lee Barron ("Barron") (collectively with the Chamber, "Defendants") filed an Opposition to the MTR on July 21, 2014. Also before the Court is Defendants' Motion to Dismiss ("MTD") Plaintiffs' First Amended Complaint ("FAC"), filed on July 2, 2014.  Smith and Beaver filed an Opposition to the MTD on July 17, 2014, and Defendants filed a Reply on July 21, 2014.  The Court found this matter suitable for disposition without oral argument and vacated the hearings set for August 11, 2014. *See* Fed. R. Civ. P. 78(b).  For the following reasons, the Court **GRANTS** Plaintiffs' MTR and **DENIES AS MOOT** Defendants' MTD.

I.     <u>PROCEDURAL AND FACTUAL BACKGROUND</u>

Plaintiffs allege the following facts.  The Miss Quartz Hill Pageant ("Pageant") is a local community event where a "queen," Miss Quartz Hill, is selected to compete in the regional Miss Antelope Valley Pageant.  (FAC ¶¶ 8-9, ECF No. 1-9.)  The Miss Antelope Valley Pageant offers the winner a $10,000 scholarship.  (FAC ¶ 10.)  Yarman was recognized as Miss Quartz Hill on March 1, 2014.  (FAC ¶ 8.)

---

[1]  The Chamber incorrectly styles its Counterclaim as a "Cross-Complaint."  *See* Fed. R. Civ. P. 13.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:**  **CV 14-04947 SJO (FFMx)**        **DATE:**  **August 4, 2014**

Smith and Beaver have controlled, paid for, and directed the Pageant for the past eight years. (*See* Compl. 2, ECF No. 1-1; FAC ¶¶ 8, 18; MTR 4.)[2]  The Chamber was involved with the Pageant as a courtesy, while the Quartz Hill Woman's Club ("Woman's Club") provided a scholarship to the outgoing "queens" and held the Pageant's operating funds in an account. (Compl. 2.)  Plaintiffs assert that the Chamber and the Woman's Club neither have authority over the Pageant nor participate in the solicitation and expenditure of the Pageant's funding. (*See* MTR 3-5.) On March 5, 2014, Smith filed a Fictitious Business Name Statement ("DBA Statement") with the County Clerk of Los Angeles for "Miss Quartz Hill," "Quartz Hill Community Pageant Miss Jr. Little," "Junior Miss Quartz Hill," and "Little Miss Quartz Hill." (FAC ¶ 12, Ex. B (DBA Statement).)

Beaver, Neis, and Rouze served together as officers of the Woman's Club.  (*See* Compl. 2; FAC ¶¶ 11-12.)  Suspecting irregularities with the Pageant funds, Beaver requested an accounting, but Neis and Rouze refused to provide that information.  (Compl. 2; FAC ¶ 12.)  On April 2, 2014, Beaver resigned from her position on the Woman's Club's Board of Directors in protest. (Compl. 2; FAC ¶ 12.)  Beaver, Smith, and Yarman suffered retaliation from Defendants after Beaver's resignation.  (FAC ¶ 12, 22.)  For example, Yarman was removed from her position and a different Miss Quartz Hill subsequently began appearing in public, which prevented Yarman from participating in the Miss Antelope Valley Pageant.  (*See* FAC ¶¶ 13-14, 17.)  In addition, Defendants sent threatening letters to Plaintiffs and others using the names in Smith's DBA statement.  (*See* Compl. 4-5; FAC ¶¶ 14, 23-26.)

On June 11, 2014, Plaintiffs filed their FAC in the Superior Court of California for Los Angeles County, alleging the following causes of action:  (1) fraudulent use of DBA; (2) intentional infliction of emotional distress; (3) defamation; (4) slander; (5) harassment; (6) identity theft; (7) extortion; (8) breach of contract; (9) quiet title; (10) breach of the implied covenant of good faith and fair dealing; (11) conversion; (12) intentional misrepresentation; (13) fraud; (14) declaratory relief; (15) injunctive relief; and (16) preventative relief. (*See* FAC ¶¶ 31-47.)  Also on June 11, Plaintiffs filed an Ex Parte Application for a Temporary Restraining Order ("TRO").  (*See generally* TRO, ECF No. 1-11.)  In addition to seeking preventative and declaratory relief, Plaintiffs sought to enjoin Defendants from using any of the names in Smith's DBA Statement in connection with any purported queen of the Pageant other than Yarman.  (TRO 6.)  The Superior Court granted the TRO on June 12, 2014.  (*See generally* Order Granting TRO, ECF No. 1-16.)

On June 23 and 24, 2014, the Chamber applied to register "Miss Quartz Hill," "Junior Miss Quartz Hill," "Little Miss Quartz Hill," and "Quartz Hill Community Pageants" as federal trademarks. (Cross-Compl. ¶ 10, ECF No. 6.)[3]  The applications stated that the marks were for "[e]ntertainment in the nature of beauty pageants."  (Cross-Compl. ¶ 10.)

---

[2] The Court refers to the Complaint by page number because it lacks paragraph numbers.

[3]  Respectively, United States Trademark Registration Nos. 86317923, 86319467, 86319478, and 86319482.  (Cross-Compl. ¶ 10.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**


**CASE NO.:**  <u>CV 14-04947 SJO (FFMx)</u>          **DATE:**  <u>August 4, 2014</u>


On June 25, 2014, Defendants filed a Notice of Removal ("Notice") on the basis of federal question jurisdiction.  (Notice ¶ 4, ECF No. 1.)  The Chamber also filed counterclaims on the same day, alleging trademark infringement, unfair competition, and trademark dilution under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, as well as state-law causes of action for trademark dilution, trademark infringement, unfair competition, and unjust enrichment (Cross-Compl. ¶¶ 29-43).  Plaintiffs filed the MTR on July 9, 2014, arguing that Defendants have attempted to "create the elements" for the removal of the action to federal court by applying for federal trademark/service marks.  (MTR 2, 8.)

II.    <u>DISCUSSION</u>

Under the removal statute, an action is removable to federal court if it might have been brought there originally.  *See* 28 U.S.C. § 1441(a).  An action may be brought in federal court if such action (1) involves questions arising under federal law or (2) the parties are diverse and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331-32.  District courts must "strictly construe the removal statute" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (internal quotation marks omitted).

Defendants claim that this action arises under federal law because it "relat[es] to trademarks."  (Notice ¶ 4.)  District courts have original jurisdiction over "any civil action arising under any Act of Congress relating to . . . trademarks."  28 U.S.C. § 1338(a); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (courts apply same standard developed for removal under § 1331 to cases removed under § 1338(a)).  "[F]or a complaint to state a claim 'arising under' federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question."  *Duncan*, 76 F.3d at 1485 (citations omitted).  Thus, the face of the complaint must "establish[] either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citations omitted) (internal quotation marks omitted).  A defendant may not remove a case to federal court on the basis of a federal counterclaim or a federal defense to a state-law claim.  *See, e.g.*, *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 393 (9th Cir. 2002).

The FAC does not satisfy either test for removal.  First, the FAC alleges only state law causes of action.  (FAC ¶¶ 22-47.)  Because the well-pleaded complaint rule makes a plaintiff the "master of the claim," a plaintiff may avoid federal jurisdiction by pleading exclusively state-law claims.  *Williams*, 482 U.S. at 392; *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983); *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).  Plaintiffs do not mention any provisions of the Lanham Act.  Instead, Plaintiffs seek

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 14-04947 SJO (FFMx)</u>          **DATE:** <u>August 4, 2014</u>

to enjoin Defendants' use of the names in Smith's DBA Statement pursuant to California law. (*See* FAC ¶¶ 30, 48-49, 51, Ex. B.)  Nor does Plaintiffs' right to relief on this claim necessarily depend on the resolution of a substantial question of federal trademark law.

 "[O]riginal federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd.*, 463 U.S. at 13.  "[I]f a single state-law based theory of relief can be offered for each . . . cause[] of action in the complaint, then the exercise of removal jurisdiction was improper." *Duncan*, 76 F.3d at 1486.  In addition to pleading state-law claims such as harassment, Plaintiffs seek relief under California law for causes of action arising out of Defendants' use of the names in Smith's DBA Statement. (*See* FAC ¶¶ 31-48.)  The Court finds that there is a state-law basis for those claims.  In the FAC, Plaintiffs refer to the California Business and Professions Code (*see* FAC ¶ 30), which provides for injunctive relief and actual damages for misusing a fictitious organizational name registered in the Office of the California Secretary of State, *see* Cal. Bus. & Prof. Code §§ 14493-95, 17202.  In their Notice, Defendants are silent on why these statutes cannot apply grant Plaintiff's relief. (*See generally* Notice.)  This absence of argument does not meet Defendants' burden of establishing that removal is proper.

Defendants concede that the FAC does not contain claims for trademark infringement under the Lanham Act. (Mem. in Supp. of MTD 1, ECF No. 27.)  Defendants filed for federal trademark registrations after being served with the FAC and rely on those registrations to support their counterclaims. (*See* Cross-Compl. ¶¶ 1, 8-13.)  Defendants cannot transform a state action into a federal one by invoking federal counterclaims.  *See Vaden*, 556 U.S. at 60; *Aramid Entm't B.V. v. Bontempo Holdings, LLC*, No. CV 10-9078 PA, 2011 WL 71441, at *2 (C.D. Cal. Jan. 7, 2011). The court lacks subject matter jurisdiction to hear this action.

III.   <u>RULING</u>

For the foregoing reasons, the Court **GRANTS** Plaintiffs' MTR and **REMANDS** this case to the Superior Court of California for Los Angeles County.  Defendants' MTD is **DENIED AS MOOT**. This matter shall close.

IT IS SO ORDERED.